THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

THOMAS JOSEPH "RICK" MUSTICCHI                                                PLAINTIFF

v.                              Case No. 4:19-cv-00607-KGB

WRIGHT MEDICAL TECHNOLOGY, INC.                                              DEFENDANT

**ORDER**

Before the Court is the joint motion to stay proceedings (Dkt. No. 13). This is a personal-injury, products-liability action filed by plaintiff Thomas Joseph "Rick" Musticchi against defendant Wright Medical Technology, Inc. ("Wright Medical"), involving claims of product defect and resulting injuries caused by the implantation of PROFEMUR® hip implant components allegedly manufactured by Wright Medical (*Id.*, ¶ 1). On May 18, 2020, plaintiffs in two separate actions captioned *Simpson v. Wright Medical Group, Inc.*, No. 5:17-CV-00062-KGB (E.D. Ark. June 18, 2020), and *Chadderdon v. Wright Medical Technology, Inc.*, No. 3:19-CV-00787-JDP (W.D. Wis. Jan. 21, 2020), submitted a motion pursuant to 28 U.S.C. § 1407 to the United States Judicial Panel on Multidistrict Litigation ("JPML") to transfer all cases involving the PROFEMUR® Modular Hips Implant Stem to the Eastern District of Arkansas ("the MDL Motion"). *See In re Profemur Hip Implant Product Liability Litigation*, MDL No. 2949. The MDL Motion, a copy of which is attached as Exhibit 1 to the joint motion to stay proceedings (Dkt. No. 13-1), seeks to transfer all federal cases involving PROFEMUR® components, as listed in the schedule of actions to the MDL Motion, and for all actions to be consolidated before this Court. The MDL Motion identifies this case specifically as an included case (*Id.*, at 18). Counsel for both parties in this action entered appearances in the proposed multi-district litigation on June

2, 2020 (Dkt. No. 13, ¶ 6).  The parties now request that this Court stay proceedings until a ruling is issued by the JPML on the MDL Motion (*Id.*, ¶ 7).

This Court may, in its discretion, stay proceedings before it pending resolution of a motion brought pursuant to 28 U.S.C § 1407.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  Further, "[a] district court has broad discretion to stay proceedings when doing so is appropriate to control its docket."  *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).  "A Court may properly stay an action where the following criteria are met: (1) the stay does not prejudice the non-movant; (2) the movant would suffer hardship and inequity without a stay; and (3) the stay serves the interests of judicial economy and efficiency."  *Adams v. Tyson Foods, Inc.*, No. 07-CV-4019, 2007 WL 1539325, at *1 (W.D. Ark. May 25, 2007) (citation omitted).

The Court concludes that a stay is appropriate in this action.  First, the parties agree that neither party will be prejudiced if the Court stays the case until the MDL Motion is decided by the JPML (Dkt. No. 13, ¶ 11).  Second, the parties plausibly allege that they would suffer hardship and inequity if the Court does not stay the case (*Id.*, ¶ 12).  Third, a stay would result in the conservation of judicial resources because of the potential that the Court expends significant time and effort on pre-trial matters over the next several months, efforts that would be potentially wasted if the MDL Motion is granted and the cases are transferred to another court (*Id.*, ¶ 13).

Accordingly, the Court grants the parties' joint motion to stay proceedings (Dkt. No. 13).  The Court orders that this matter is stayed pending resolution of the § 1407 motion to transfer all

cases involving the PROFEMUR® Modular Hips Implant Stem to the Eastern District of Arkansas that has been filed with the JPML.  The Court directs the parties to notify the court within 10 days of the JPML ruling on the MDL Motion.

It is so ordered this 2nd day of July, 2020.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge